MICHAEL E. KIRBY, Judge.
 

 | iDefendants, Peter M. Cadaro, Jr., Olander P. Bajoie, Jr., Joyce T. Albert and Brenda G. DeBattista, in their official capacities as Jury Commissioners for Orleans Parish, and Aleshia Lewis Liddell, in her official capacity as Jury Administrator for Orleans Parish, appeal the trial court judgment of August 18, 2010, granting the petition for writ of mandamus filed by plaintiff, Sophie Cull, and ordering defendants to provide plaintiff with certain jury venire lists.
 

 On July 21, 2010, plaintiff filed a “Petition for Writ of Mandamus under the Louisiana Public Records Act,” asking the trial court to order the defendants to provide plaintiff with certain public records in their possession, namely, “the jury venires from January 2009 — June 2010, including the name, gender and race of each juror.” According to the petition, plaintiff submitted a written request for these records to Ms. Liddell on June 29, 2010, and received a letter in response from Robert J. Kazik, Judicial Administrator of Orleans Parish Criminal District Court, on July 8, 2010, informing her that she was not entitled to the records requested. No explanation was given in the letter as to why plaintiff was not |2entitled to the records. Plaintiff subsequently sent another letter to Ms. Liddell and to each of the jury commissioners on July 12, 2010, reiterating her request for the records. She received no response to the second request. Plaintiff claims to be entitled to the information requested according to the provisions of the Louisiana Public Records Act, La. R.S. 44:1
 
 et seq.
 

 A hearing on plaintiffs petition for writ of mandamus was held on August 11, 2010. The trial court rendered judgment on August 18, 2010, in favor of plaintiff and against defendants, ordering defendants to provide plaintiff with the requested records, i.e., the jury venire lists from January 2009 — June 2010. The trial court further ordered plaintiffs reasonable attorney’s fees to be taxed as costs and fixed by the court on a rule to show cause filed by plaintiff. All costs of the proceedings were assessed against the defendants. Defendants now appeal.
 

 On appeal, the defendants argue that the trial court erred in finding that individuals called to jury duty at Criminal District Court in Orleans Parish did not have a reasonable expectation of privacy in the data contained in the public records of the Orleans Parish Jury Commission, and that the trial court erred in failing to weigh the public records disclosure interest against the privacy interest. We find no merit in these arguments for reasons that follow.
 

 As noted by the trial court in written reasons for judgment, the Orleans Parish Jury Commission is a “public body” within the meaning of the Public Records Act, La. R.S. 44:1 et seq., and generally, all records, writings, recordings, tapes, reproductions, and electrical data prepared for use by a public body are | ¡¡public records for the purposes of the Act. La. R.S. 44:1. Any exception, exemption, or limitation to the laws pertaining to public records not provided for in the Public Records Act or in the Louisi
 
 *1163
 
 ana State Constitution shall have no effect. La. R.S. 44:4.1.
 

 The law regarding the right of the public to have access to public records was summarized in
 
 Title Research Corporation v. Rausch,
 
 450 So.2d 933, 936 (La.1984), as follows:
 

 The right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution. La. Const, art. 12, § 3. The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise.
 
 Id.
 
 Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public’s right to see. To allow otherwise would be an improper and arbitrary restriction on the public’s constitutional rights.
 

 The defendants in this case do not dispute the fact that there is no exception, exemption or limitation contained within the Public Records Act applicable to the records requested herein.
 
 [1]
 
 However, the defendants argue that access to the requested records should be denied in order to protect the privacy interests of the jury venire. According to defendants, classifying the records maintained by the defendants as public records would violate the right to privacy guaranteed to potential jurors by Article I, Section 5 of the Louisiana Constitution.
 

 |4In
 
 Angelo Iafrate Construction, L.L.C. v. State ex rel. Department of Transportation and Development,
 
 2003-0892, pp. 5-6 (La.App. 1 Cir. 5/14/04), 879 So.2d 250, the First Circuit discussed the law regarding competing issues of the right to public records and the right to privacy as follows:
 

 Article I, Section 5 of the Louisiana Constitution expressly prohibits unreasonable invasions of privacy. The right to privacy in Louisiana has been described as the right to be let alone and to be free from unnecessary public scrutiny.
 
 Capital City Press v. East Baton Rouge Parish Metro. Council,
 
 96-1979 (La.7/1/97), 696 So.2d 562, 566. The right to privacy protects varied interests from invasion. Among the interests protected is the individual’s right to be free from unreasonable intrusion into his seclusion, solitude, or private affairs. The right is not absolute; it is qualified by the rights of others. The right to privacy is also limited by society’s right to be informed about legitimate subjects of public interest.
 
 Id.
 

 In ascertaining whether individuals have a reasonable expectation of privacy that is constitutionally protected, a court must determine not only whether the individual has an actual or subjective expectation of privacy, but whether that expectation is also of a type which society at large is prepared to recognize as being reasonable.
 
 Local 100, Service Employees’ Int’l Union v. Forrest,
 
 95-1954 (La.App. 1st Cir.5/10/96), 675 So.2d 1153, 1156,
 
 writ denied,
 
 96-1499 (La.9/20/96), 679 So.2d 441. When a request for public records is at issue, the custodian or the individual claiming the privacy right must prove that there is a reasonable expectation of privacy against disclosure of the information to a
 
 *1164
 
 person entitled to access to the public information. If, and only if, a reasonable expectation of privacy is found, the court must weigh or balance the public records disclosure interest against the privacy interest.
 
 Webb v. City of Shreveport,
 
 371 So.2d 316, 319 (La.App. 2nd Cir.),
 
 writ denied,
 
 374 So.2d 657 (La.1979).
 

 At the hearing in this matter, defendants offered the testimony of Ms. Aleshia Liddell, the Jury Administrator of Criminal District Court, who stated that |fisome potential jurors have expressed concern to her about their personal information being made public. Ms. Liddell testified that lists of potential jurors are assembled through certain information gathered from the Louisiana Department of Motor Vehicles and the Orleans Parish Registrar of Voters. Summons are then sent to potential jurors, and they are required to provide certain personal information on the jury summons form, which is turned in when they report for duty.
 

 A sample jury summons form offered into evidence by the defendants shows that the information required of potential jurors includes name, address, phone number, date of birth, social security number, age, sex, marital status, number of children, length of residency in Orleans Parish, citizenship status, information regarding any felony convictions, occupation, employer’s name, address and phone number, and supervisor’s name. The form does not ask for information as to a potential juror’s race. Ms. Liddell stated that the only information given to the prosecutors and defense attorneys in a ease is a potential juror’s name, date of birth, age, marital status, number of children and occupation. The judge in a case receives information relative to jurors’ home addresses in addition to the information given to the attorneys.
 

 The trial court found that there is no reasonable expectation of privacy in the data contained within the public records of the Orleans Parish Jury Commission, with the exception of Social Security information.
 
 [2]
 
 Based on this conclusion, the | fitrial court stated that there was no need to consider a balancing test between the public records disclosure interest and the privacy interest. As to plaintiffs request for information as to the race of potential jurors, the court found that the Jury Commission is not required to produce records that it neither keeps nor is required to keep. In ruling in favor of the plaintiff, the trial court, citing La. R.S. 44:31 and 44:35, found that the defendants, as custodians of the records requested by plaintiff, failed to meet their burden of proving that the plaintiff was not entitled to access to the records requested pursuant to the Louisiana Public Records Act.
 

 Having reviewed the record and applicable law, we cannot say that the trial court erred in reaching these conclusions and in issuing the writ of mandamus to the defendants to provide the requested records to plaintiff. At most, the defendants made a showing that some jurors have expressed concern about release of their personal information. However, there was no showing made by the defendants to support their argument that jurors had a reasonable expectation that their personal information listed on the jury summons, other than Social Security numbers, would be kept private. In the absence of such a showing, the plaintiff is entitled to the records requested.
 

 
 *1165
 
 For the reasons stated above, the trial court judgment is affirmed.
 

 AFFIRMED
 

 [1]
 

 . La. R.S. 44:4.1B lists and incorporates into the Public Records Act numerous existing exceptions, exemptions, and limitations to the laws pertaining to public records. If any exception, exemption or limitation to the rules regarding access to public records is to be made as to potential jurors' personal information, it is entirely within the province of the Legislature, and not the courts, to do so.
 

 [2]
 

 . "There is a strong expectation of privacy as to a person’s social security number.” Op. Atty.Gen., No. 91-295, July 11, 1991.