JAMES F. McKAY, III, Chief Judge.
h Catherine Beckett (“Beckett”) appeals the trial court’s judgment, which denied, in part, her request for public records pursuant to a petition for writ of mandamus against Roñal Serpas and the City of New Orleans (collectively, “City”). For the reasons set forth herein, we affirm.
Pursuant to the Louisiana Public Records Act, La. R.S. 44:31 et seq., Beckett requested the following documents on November 23, 2011:
*350 1) all documents generated as a result of the Public Integrity Bureau’s [PIB] investigation of the allegations of misconduct made against me [Beckett] under PIB Control No. 2010-1589-R, including, but not limited to, all statements obtained, photographs taken, and reports generated in connection with this investigation;
2) all documents generated as a result of any Public Integrity Bureau’s investigation conducted within the last ten years of any allegations that any member of the New Orleans Police Department [violated] Rule 2, Paragraph 9 of the New Orleans Police Department Operations Manual, including, but not limited to, all statements obtained, photographs taken, and reports generated in connection with this investigation;
3) all documents generated as a result of any Public Integrity Bureau’s investigation conducted within the last ten years of any allegations that any member of the New Orleans Police Department [violated] Rule 4,. Paragraph 4(c)(1) of the New Orleans Police Department Operations Manual, including, but not limited to, all statements obtained, photographs taken, and reports generated in connection with this investigation;
|¾4) all documents generated as a result of any Public Integrity Bureau’s investigation conducted within the last ten years of any allegations that any member of the New Orleans Police Department [violated] Rule 5, Paragraph 10 of the New Orleans Police Department Operations Manual, including, but not limited to, all statements obtained, photographs taken, and reports generated in connection with this investigation;
5) all documents, including, but not limited to, notes, drafts, memorandum, comments, generated in connection with the drafting and/or promulgation of Rule 2, Paragraph 9, Rule 4, Paragraph 4(c)(1) and Rule 5, Paragraph 10 of the New Orleans Police Department Operations Manual; and
(6) any correspondence or e-mails exchanged between the New Orleans Police Department and the United States Attorney’s Office, the United States Department of Justice or the Federal Bureau of Investigation in December 2010 which made any reference to me [Beckett].
The City responded on December 16, 2011, asking Beckett to narrow her request. Beckett refused and filed a petition for writ of mandamus against the City pursuant to La. 44:35.[1] The action also sought attorney’s fees, costs, and civil penalties as provided by the statute.
In February 2012, the City turned over the documents requested in item 1 (Beckett’s own PIB file). With respect to items 2-4, the City argued that the PIB files of other officers contained personal information and that the officers have a reasonable expectation of privacy in their PIB files. The City also argued that the requests in items 2-4 were overly burdensome because the PIB records are maintained by officer’s name rather than by violation or case description. Thus, the City asserted that it would have.to review every PIB file for the past ten years in order to identify the ones involving the specific rule violations sought by Beckett. With respect to | ¡¿terns 5 and 6, the City informed Beckett that it had no such documents in its custody,
*351 A contradictory hearing was held on March 6, 2012. The matter was taken under advisement, and the trial court ordered the City to produce any quantifiable information it may have with regard to the requests made in items 2-4. In response, the City produced PIB statistical data (not the requested PIB files) setting forth officers’ names and the charges/allegations. Following a review of the documents, Beckett’s petition for writ of mandamus was granted in part and denied in part.
In reasons for judgment, the trial court stated that Beckett was only entitled to the documents related to her own PIB investigation (item 1), which were previously provided. The trial court denied Beckett’s other requests, reasoning that the PIB files contained private information of law enforcement officers, which outweighs any public interest that Beckett might have. Additionally, the requests were deemed overly burdensome because they were complex, demanding, and not separated in such a way to make tracking the information simpler. Attorney’s fees, costs and penalties were not awarded.
On appeal, Beckett argues that the trial court erred in finding that police officers have a privacy interest in PIB files and that such a privacy interest outweighs the interest of the public in having access to public records. Beckett further contends that the trial court erred in finding that the City was not obligated to make the public records available based on the burden of producing them. Finally, Beckett asserts that the trial court erredj^in failing to award attorney’s fees, costs, and civil penalties pursuant to La. R.S. 44:35(D) and (E). We find no merit in these assignments of error.
DISCUSSION
Article XII, Section 3 of the Louisiana Constitution provides that no person shall be denied the right to “examine public documents, except in cases established by law.” The legislature has codified this right in the Public Records Act, La. R.S. 44:1, et seq. La. R.S. 44:31 provides:
A. Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees.
B. (1) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person of the age of majority may inspect, copy, or reproduce any public record.
(2) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person may obtain a copy or reproduction of any public record.
(3) The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.
The right of access to public records is a fundamental right guaranteed by La. Const, art. XII § 3, which must be liberally construed in favor of free and unrestricted access to the public records. Landis v. Moreau, 2000-1157, p. 4 (La.2/21/01), 779 So.2d 691, 694. As with the constitutional provision, the Public Records Act should be construed liberally, and any doubt must be resolved in favor of the right of access. Title Research Corp. v. Rausch, 450 So.2d 933, 937 (La.1984).
When a request for public records is at issue, the custodian or the individual claiming the privacy right must prove that there is a reasonable ^expectation of privacy against disclosure of the information to a person entitled to access to the public information. Cull v. Cadaro, 2010-1546, p. 6 (La.App. 4 Cir. *352 6/1/11), 68 So.3d 1161, 1168-1164 (citing Angelo Iafrate Construction, L.L.C. v. State ex rel. Department of Transportation and Development, 2003-0892, p. 6 (La.App. 1 Cir. 5/14/04), 879 So.2d 250, 255) (internal citations omitted). If, and only if, a reasonable expectation of privacy is found, the court must weigh or balance the public records disclosure interest against the privacy interest. Id. The balancing of these competing interests is done on a case-by-case basis given the particular facts and circumstances of each case that impact those interests. East Bank Consolidation Special Service Fire Protection Disk v. Crossen, 04-0838, pp. 6-7 (La.App. 5 Cir. 12/28/04), 892 So.2d 666, 670; Broderick v. State, Dept. of Environ., 2000-0156, pp. 4-5 (La.App. 1 Cir. 5/12/00), 761 So.2d 713, 715.
La. Const, of 1974, Art. I, § 5 expressly prohibits unreasonable invasions of privacy. The right to privacy in Louisiana has been described as the right to be let alone and to be free from unnecessary public scrutiny. Capital City Press v. East Baton Rouge Parish Metro. Council, 96-1979 (La.7/1/97), 696 So.2d 562, 566. The right to privacy is not absolute; it is qualified by the rights of others, and it is also limited by society’s right to be informed about legitimate subjects of public interest. Id. In ascertaining whether individuals have a reasonable expectation of privacy that is constitutionally protected, a court must determine not only whether the individual has an actual or subjective expectation of privacy, but whether that expectation is also of a type which society at large is prepared to |r,recognize as being reasonable. Angelo Iafrate Construction, supra, pp. 5-6, 879 So.2d at 255.
Beckett argues that the officers have no expectation of privacy in the records contained in their PIB files. However, a law enforcement officer’s reasonable expectation of privacy is embodied in La. R.S. 40:2532, which provides:
No person, agency, or department shall release to the news media, press or any other public information agency, a law enforcement officer’s home address, photograph, or any information that may be deemed otherwise confidential, without the express written consent of the law enforcement officer, with respect to an investigation of the law enforcement officer.
Beckett submits that La. R.S. 40:2532 does not create a privacy expectation so as to justify a refusal to produce the entire PIB file. In support, Beckett relies on City of Baton Rouge/Parish of East Baton Rouge v. Capital City Press, L.L.C., 2007-1088, 2007-1089 (La.App. 1 Cir. 10/10/08), 4 So.3d 807.
In City of Baton Rouge, a newspaper sought Internal Affairs Division (“IAD”) files of the Baton Rouge Police Department. The trial court determined that the IAD files were confidential under La. R.S. 40:2532 and therefore not subject to disclosure under the Public Records Act. The First Circuit Court reversed, finding that the police officers under investigation had no individual privacy interest in these files and recognized a strong public interest in disclosure. However, it should be noted that the court went on to conclude that the officers’ personal information was not subject to review. Specifically, the court stated:
... [T]he following information contained in the IAD files was properly deemed confidential pursuant to La. R.S. 40:2532: Impersonal information relative to the names, addresses, and identifying information of alleged victims, witnesses, and complainants, including the names of police officers who are complainants; 2) photographs of police officers or others; 3) any home ad *353 dresses, home telephone numbers, social security numbers, and drivers’ license numbers; and 4) any medical information. Further, records pertaining to pending or reasonably anticipated criminal litigation or arrest records that have not resulted in a final judgment of conviction are expressly exempt pursuant to La. R.S. 44:3 A(l) and (4)(a). Accordingly, we find it is necessary for the IAD records to be redacted prior to their release. La. R.S. 44:32 B.
City of Baton Rouge, 2007-1088, 2007-1089, p. 22-23, 4 So.3d at 822.
Clearly, a law enforcement officer has a reasonable expectation of privacy as to certain personal information, ie., home address, telephone number, social security number, medical information, etc. Consequently, Beckett cannot be given unfettered review of the PIB files without the redaction of the officers’ private information contained therein.
La. R.S. 44:32 B provides that the custodian may separate the nonpublic record before making the public record available for examination. However, as the trial court correctly determined in the present case, the request for ten years of PIB files is overly broad, particularly in light of the fact that the'files are maintained by officer name and/or file number rather than by the alleged offense.
It is well established that the examination of records or requests for reproduction cannot be so burdensome as to interfere with the operation of the custodian’s constitutional and legal duties. Vandenweghe v. Parish of Jefferson, 11-52, p. 12 (La.App. 5 Cir. 5/24/11), 70 So.3d 51, 58, writ denied, 2011-1333 (La.9/30/11), 71 So.3d 289; Elliott v. District Attorney of Baton Rouge, 94-1804 (La.App. 1 Cir. 9/14/95), 664 So.2d 122, 126. The jurisprudence further recognizes that any restriction or limitation imposed by the custodian places the | sburden on the custodian to justify the restriction or limitation. Id. Here, given the particular facts and circumstances of this case, ie., the volume of the records requested and the manner in which the files are categorized, the City has demonstrated that segregating ten years of PIB files would be unreasonably burdensome.
For the foregoing reasons, we find no error in the trial court’s partial denial of Beckett’s public records request. Furthermore, because the record contains no evidence that the City acted unreasonably or was arbitrary and capricious in handling the request for public records, we find no abuse of discretion on the part of the trial court in the denial of attorney’s fees, costs and penalties.
AFFIRMED.

. La. R.S. 44:35 authorizes a mandamus proceeding when any person has been denied the right to inspect or copy a record under the provisions of the Public Records Law.