| | | |
|---|---|---|
| NFT GROUP, L.L.C. | * | NO. 2022-CA-0468 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| ELITE POOLS AND SPAS, L.L.C. AND THE HONORABLE CHELSEY RICHARD NAPOLEON, IN HER CAPACITY AS RECORDER OF MORTGAGES FOR ORLEANS PARISH | * | FOURTH CIRCUIT |
| | * | |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-04694, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

Michael S. Blackwell
Spencer A. Johnson
RIESS LEMIEUX
1100 Poydras Street, Suite 1100
New Orleans, LA 70163

      COUNSEL FOR PLAINTIFF/APPELLEE, NFT GROUP, L.L.C.

Mark G. Montiel, Jr.
Shelby S. Talley
Aaron Coffey
MONTIEL HODGE, LLC
400 Poydras Street, Suite 2325
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLANT, ELITE POOLS & SPAS, L.L.C.

**AFFIRMED AND REMANDED**
**DECEMBER 12, 2022**

*TFL*

*JCL*

*TGC*

This appeal arises from the cancellation of a contractor's statement of claims and privilege regarding a contract for services for pool installation. The property owner, Tom Fahl, paid the contractor, Elite Pools and Spas, L.L.C., through his company NFT Group, L.L.C. After terminating work on the project, Elite filed a statement of claims and privilege with the Orleans Parish recorder of mortgages, claiming that outstanding funds were owed on the project. NFT filed a petition for removal of the lien, which the trial court granted. Elite then filed a motion to annul the judgment of removal, which the trial court denied.

Elite appealed, and filed an exception of no right of action, contending that NFT was not an interested party, for the first time on appeal. NFT filed an answer to the appeal seeking additional post-judgment attorney's fees and costs.

After review, we find the exception of no right of action was an improper attack on a final judgment. The trial court did not abuse its discretion by denying Elite's motion to annul judgment, as no fraud or ill practices were present. Lastly, NFT is entitled to additional post-judgment attorney's fees and costs, but we remand the matter for a hearing to determine the amount. The judgment of the trial court is affirmed and the matter is remanded for further proceedings consistent

1

with this opinion.

***FACTUAL BACKGROUND AND PROCEDURAL HISTORY***

In 2019, Tom Fahl, the Chief Financial Officer of NFT Group, L.L.C., signed a "Proposal Contract for Swimming Pool Construction Services" with Elite Pools and Spas, L.L.C. for $20,000.00. The final cost was approximately $30,000.00.[1] During the construction, NFT issued checks to Elite in the amount of $25,150.00. For reasons not contained in the record, Elite became disgruntled and terminated construction on the pool. When Elite terminated construction, approximately $4,850.00 of work was allegedly incomplete. NFT also contended Elite owed $1,050.00 for work and equipment not completed. NFT hired another contractor to complete the unfinished work for $3,493.00 and forwarded a check to Elite for $307.00 for remaining monies owed.

Nonetheless, Elite recorded a Statement of Claim and Privilege ("lien") for $6,000.00 in November 2019. The lien stated that NFT was the prime contractor and hiring party for the work. The owner of the property was listed as Mr. Fahl.

In April 2020, NFT sent a demand letter to Elite seeking removal of the lien pursuant to La. R.S. 9:4833. Elite refused to remove the lien. Thus, in June 2020, NFT filed a Petition for Removal of Statement of Claim and Privilege and for Damages ("Petition for Removal") against Elite and Chelsea Richard Napoleon, in her capacity as the Recorder of Mortgages for Orleans Parish. Elite's registered agent failed to update his proper address with the Louisiana Secretary of State. As such, attempts at service were unsuccessful. NFT filed a Motion to Appoint a Private Process Server, which the trial court granted.

In August 2021, the trial court granted NFT's Petition for Removal, ordered

---

[1] No final contract reflecting this price is contained in the record.

Ms. Napoleon to remove Elite's lien, and deferred the issue of attorney's fees and costs. Elite did not appear. Subsequently, in November 2021, the trial court found that Elite owed NFT $1,935.00 in costs and $3,395.00 in attorney's fees. Again, Elite did not appear.

In January 2022, Elite filed a Motion to Annul Judgment regarding the trial court's judgment ordering the removal of the lien. Elite asserted there were vices of substance because Elite's contract was with Mr. Fahl and not NFT. During the hearing on the Motion to Annul Judgment, counsel for Elite stated: "[a]fter having looked at the issue of whether or not he was served properly [insufficient service] could not be presented to the Court because the only evidence I would have had would have been his own statements[,] which is insufficient to sustain an exception of insufficiency of service." The trial court denied Elite's Motion to Annul Judgment. Elite's suspensive appeal followed.

After Elite filed for an appeal, NFT file an Answer to Appeal seeking attorney's fees and costs for defending the appeal. Elite then filed an Exception of No Right of Action contending that NFT lacked standing to file the Petition for Removal. On appeal, Elite also maintains that NFT lacked standing and avers the trial court erroneously denied the Motion to Annul Judgment because the lien was removed via fraud or ill practices.

### NO RIGHT OF ACTION

Elite filed an Exception of No Right of Action with this Court asserting that NFT lacked standing to file the Petition for Removal.

The exception of no right of action is raised through a peremptory exception. La. C.C.P. art. 927. "The function of the peremptory exception is to have the

3

plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.

"The exception of no right of action questions whether the particular plaintiff has standing to bring the lawsuit," by assuming "the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.'" *Downtown Dev. Dist. of City of New Orleans v. City of New Orleans*, 18-0726, p. 6 (La. App. 4 Cir. 5/8/19), 272 So. 3d 917, 924 (quoting *Howard v. Administrators of Tulane Educ. Fund*, 07-2224, p. 17 (La. 7/1/08), 986 So. 2d 47, 60 (citations omitted)).

"The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision." La. C.C.P. art. 928(B). The exception of no right of action may also be raised by the court, *sua sponte*, in the trial or appellate courts. *Howard*, 07-2224, p. 16, 986 So. 2d at 59.

In the present matter, Elite filed, for the first time on appeal of the denial of its Motion to Annul Judgment, an exception of no right of action contending that NFT lacked standing to proceed with the Petition for Removal. Pursuant to La. C.C.P. art. 928(B), the exception should have been raised before the trial court submitted the case for a decision regarding the Petition for Removal. If Elite had chosen to appeal the Petition for Removal, the exception of no right of action could have also been filed within the confines of the appeal.

Once the trial court renders a judgment and no appellate review is sought, the judgment acquires the "authority of the thing adjudged." *Colins v. Magnolia Mktg. Co.*, 01-1234, p. 3 (La. App. 4 Cir. 5/8/02), 817 So. 2d 1214, 1215. "Only three avenues are available to a party seeking to alter the substance of a final

4

judgment: (1) timely application for a new trial, (2) petition for nullity, and (3) timely appeal." *Francis v. Lafon Nursing Home of Holy Family*, 02-1863, p. 16 (La. App. 4 Cir. 3/19/03), 840 So. 2d 1281, 1290 (quoting *Webster v. Boh Bros. Const. Co., Inc.*, 603 So. 2d 761, 763 (La. App. 4th Cir. 1992). Accordingly, Elite's Exception of No Right of Action is denied.

## *MOTION TO ANNUL JUDGMENT*

Elite contends the trial court erred by denying the Motion to Annul Judgment because NFT lacked standing to bring the Petition for Removal and that NFT obtained the removal by fraud or ill practices.

"The nullity of a final judgment may be demanded for vices of either form or substance." La. C.C.P. art. 2001. "A final judgment obtained by fraud or ill practices may be annulled." La. C.C.P. art. 2004(A). "It is imperative that courts review a petition for nullity closely as an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof." *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-0149, p. 5 (La. 10/16/01), 800 So. 2d 762, 766.

"[T]he standard of review of a trial court's ruling on a nullity of judgment action is an abuse of discretion." *CAG, LLC v. Watson*, 20-0325, p. 7 (La. App. 4 Cir. 1/6/21), 312 So. 3d 1109, 1114. "The Louisiana Supreme Court has recognized that '[i]n reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but whether the trial court's conclusions were reasonable.'" *Midland Funding LLC v. Kelly*, 11-0659, p. 2 (La. App. 4 Cir. 12/7/11), 81 So. 3d 84, 86 (quoting *Belle Pass Terminal, Inc.*, 01-0149, p. 5, 800 So. 2d at 766).

***Standing***

5

Elite maintains that NFT lacked standing to bring the Petition for Removal because Mr. Fahl, not NFT, was a party to the contract for construction of the pool. Further, Elite avers that NFT was not the general contractor and was not an interested party. We note that this assertion rebrands the exception of no right of action, but address the matter nonetheless.

Elite's contention that NFT was not an interested party has no merit. The lien created by Elite stated that NFT was both the "prime" contractor and the hiring party. NFT issued the checks to pay Elite. The 1099-MISC form issued to Elite regarding the construction services performed was from NFT. We now proceed to the allegation of fraud or ill practices.

### *Fraud or Ill Practices*

Elite contends the removal was obtained through fraud or ill practices and summarized the argument as follows:

> Appellee plead in its Petition for Removal of Statement Of Claim and Privilege that it was the general contractor for the construction of the Property and that Appellee *__itself__* entered into a subcontract with Appellant for services installing a pool at the Property. As briefed in the aforementioned assignments: (1) Appellee was not the general contractor for the project but simply a third-party payor to Appellant, which in reality was simply Mr. Fahl signing NFT's checks to pay Appellant for his pool; (2) the Contract that Appellant entered into for the installation of the pool was not memorialized, contemplated, or designated as a subcontract but solely as a prime contract for sale and installation of a pool between Appellant as the seller and Mr. Thomas Fahl as the buyer; and (3) there is no designation, identification, or conveyance that Mr. Fahl was signing the Contract with Appellant on behalf of or in the capacity as a member of Appellee. As such, Appellee's Petition to Remove contained false pleadings that did not provide the trial court with the proper context regarding Appellee's lack of interest in bringing its Petition to Remove Statement of Claim and Privilege.

The Louisiana Supreme Court explained how to determine whether a judgment was obtained by fraud or ill practice thusly:

> Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable.
>
>       \*         \*         \*
>
> . . . the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.

*Kem Search, Inc. v. Sheffield*, 434 So. 2d 1067, 1070 (La. 1983). Accordingly, we must first address whether the circumstances connote a deprivation of Elite's legal rights.

The protection of a party's legal rights require more than providing the opportunity to present a defense. *Belle Pass Terminal, Inc.*, 01-0149, pp. 6-7, 800 So. 2d at 766-67. The Supreme Court found that "[w]hile a civil defendant is not constitutionally entitled to a trial, once a trial commences, it is a basic precept that the proceedings must be fair. Hence, we find that a right to a fair and impartial trial is a legal right entitled to all participants in a legal proceeding." *Id.*, 01-0149, p. 7, 800 So. 2d at 767.

The record reflects that NFT requested the trial court appoint a private process server after attempts to serve the Petition for Removal on Elite's registered agent at the domiciled address were unsuccessful because he no longer resided at the domiciled address. Personal service was then perfected upon Elite's registered

agent on his boat. During the hearing on the Motion to Annul, Counsel for Elite maintained that Elite believed service was not perfected, but "[a]fter having looked at the issue of whether or not he was served properly [insufficient service] could not be presented to the Court because the only evidence I would have had would have been his own statements[,] which is insufficient to sustain an exception of insufficiency of service."

Thus, from the record before us, Elite was served with the Petition for Removal, but voluntarily chose not to file pleadings or appear before the trial court. As such, we do not find that Elite was deprived of legal rights. As the record does not reflect a deprivation of legal rights, we need not address the second component, which asks whether enforcement of the judgment would be unconscionable and inequitable. Accordingly, we do not find that the trial court abused its discretion by denying Elite's Motion to Annul Judgment.

## *ATTORNEY'S FEES*

Pursuant to La. C.C.P. art. 2133, NFT filed an answer to Elite's appeal seeking attorney's fees and costs for the defense of the appeal.

La. R.S. 9:4833 provides for the award of attorney's fees as follows:

> A. (1) If a statement of claim or privilege is improperly filed or if the claim or privilege preserved by the filing of a statement of claim or privilege is extinguished, an owner or other interested person may require the person who filed the statement of the claim or privilege to give a written request for cancellation in the manner provided by law directing the recorder of mortgages to cancel the statement of claim or privilege from his records.
> (2) If a statement of claim or privilege identifies an owner who is not liable for the claim under R.S. 9:4806(B), that owner or another interested person may require the person who filed the statement of the claim or privilege to give a written request for cancellation in the manner provided by law directing the recorder of mortgages to cancel the statement of claim or privilege

8

from his records insofar as it affects that owner and his interest in the immovable. Cancellation of the statement of claim or privilege as to an owner in accordance with this Paragraph shall have no effect upon the person's privilege upon the interest of any other owner in the immovable or upon the person's rights against any other owner, contractor, or surety.

(3) A request for cancellation required under either Paragraph (1) or (2) of this Subsection shall be delivered within ten days after a written request for it is received by the person filing the statement of claim or privilege.

B. **One who, without reasonable cause, fails to deliver a written request for cancellation in proper form to cancel the claim or privilege as required by Subsection A of this Section shall be liable for damages suffered by the owner or person requesting the authorization as a result of the failure and for reasonable attorney fees incurred in causing the statement to be cancelled.**

C. A person who has properly requested a written request for cancellation shall have an action pursuant to R.S. 44:114 against the person required to deliver the written request to obtain a judgment declaring the claim or the privilege extinguished and directing the recorder of mortgages to cancel the statement of claim or privilege if the person required to give the written request fails or refuses to do so within the time required by Subsection A of this Section. If the written request for cancellation was requested under Paragraph (A)(2) of this Section, the judgment shall declare the statement of claim or privilege to be extinguished, and shall direct its cancellation, only insofar as it affects the owner who is entitled to cancellation and his interest in the immovable. **The plaintiff may also seek recovery of the damages and attorney fees to which he may be entitled under this Section.**

D. The recorder of mortgages shall cancel a statement of a claim or privilege from his records upon the filing with him by any person of a written request for cancellation in proper form or when he is ordered to do so by judgment of the court.

E. The effect of recordation of a statement of claim or privilege and the privilege preserved by it shall cease as to third persons unless a notice of pendency of action in accordance with Code of Civil Procedure Article 3752,

identifying the suit required to be filed by R.S. 9:4823, is filed within one year after the date of filing the statement of claim or privilege. In addition to the requirements of Code of Civil Procedure Article 3752, the notice of pendency of action shall contain a reference to the recorded statement of claim or privilege. If the effect of recordation of a statement of claim or privilege has ceased for lack of timely filing of a notice of pendency of action, the recorder of mortgages upon receipt of a written signed application shall cancel the recordation of the statement of claim or privilege.

(Emphasis added). Additionally, this Court stated:

An increase in attorney fees is usually awarded where a party who was awarded attorney fees by the trial court is forced to and successfully defends an appeal. The award of additional attorney fees is to keep the appellate judgment consistent with the underlying judgment. To determine the amount of attorney fees, factors that are considered include "the skill exercised by the attorney and the time and work required on appeal."

*Maldonado v. Cannizzaro*, 18-0177, p. 14 (La. App. 4 Cir. 10/10/18), 257 So. 3d 733, 743 (quoting *State of Louisiana, Dept. of Transp. & Develop. v. Monteleone*, 11-1013, p. 34 (La. App. 5 Cir. 11/13/12), 106 So. 3d 153, 174 (internal citations omitted)). *See also PVCA, Inc. v. Pac. W. TD Fund LP*, 20-0327, p. 17 (La. App. 4 Cir. 1/20/21), 313 So. 3d 320, 332.

The trial court awarded NFT approximately $5,330.00 in attorney's fees and costs required for filing and pursuing the Petition for Removal. As La. R.S. 9:4833 provides for the recovery of attorney's fees and damages resulting from the cancellation and given our jurisprudence regarding consistent judgments, we find an award of attorney's fees and costs for defending the appeal is warranted. *See Tee It Up Golf, Inc. v. Bayou State Const., L.L.C.*, 09-855, p. 6 (La. App. 3 Cir. 2/10/10), 30 So. 3d 1159, 1163. However, the record before us is insufficient to determine the appropriate amount of attorney's fees for NFT's counsel's post-

judgment work on appeal.  Therefore, we remand to the trial court for a hearing on the issue of attorney's fees and costs for this appeal.  *See Perniciaro v. McInnis*, 19-0671 (La. App. 4 Cir. 4/1/20), 293 So. 3d 1144, 1157, *writ denied*, 20-00492 (La. 7/2/20), 297 So. 3d 767; *Maldonado*, 18-0177, p. 15, 257 So. 3d at 743-44.

## ***DECREE***

For the above-mentioned reasons, we find that Elite's Exception of No Right of Action was an improper attack on a final judgment.  Elite chose not to file pleadings or appear before the trial court regarding the Petition for Removal.  NFT, listed as the contractor and the hiring party on the lien created by Elite, was an interested party.  As such, the trial court did not abuse its discretion by denying Elite's Motion to Annul Judgment.

As NFT is entitled to post-judgment attorney's fees and costs incurred defending the appeal, we remand for a hearing regarding the amount.  The judgment of the trial court is affirmed.

**AFFIRMED AND REMANDED**

11