WALTZER, Judge.
This appeal is from a judgment rendered on January 4,1991 and signed on October 25, 1991. The portion of the judgment at issue reads:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be Judgment herein in favor of Ernest Perez and against State Farm Mutual Automobile Insurance Company, pursuant to Louisiana Revised Statutes 22:658, a penalty in the amount of 10% on the total damages due, or $320,000.00 and attorneys’ fees in the amount of $2,500.00.”
All other aspects of the case have been settled or abandoned. Only one issue remains:
Whether the trial court erred in awarding penalties against State Farm under LSA-R.S. 22:658.
LSA-R.S. 22:658[1] provides:
A. All insurers issuing any type of contract, other than those specified in R.S. 22:656 and R.S. 22:657, shall pay the amount of any claim due any insured, including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950, within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest.
*1068 B.(l) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
State Farm learned of the accident the day after it occurred. The file was originally handled in Property Damage by adjustor Maurice Bode. Bode received photos of the damaged vehicle, a repair estimate and the police report. The insured informed Bode that everything was being handled through the adverse party’s insurer. In accordance with State Farm procedures, the file was forwarded to Bodily Injury and assigned to adjustor Clarence Bertrand. State Farm in-house attorney Steve Pusateri also was assigned to the case.
Clarence Bertrand testified:
Q What is your duty in handling the claim once that you are aware that a claimant, your insured, has a U.M. claim with the company?
A We have to first establish that there was an accident and our insured had no fault involved under the U.M. We have to speak to all of the necessary witnesses involved, take statements, get the police reports, and make sure there was a definite impact between the two vehicles. We need all of the medicals involved before we can evaluate any kind of U.M. claim, whether from past injuries, present injuries or future injuries. We need all kinds of documentation to document the file.
* ⅜ # * * *
Q Mr. Bertrand, how long did it take you after receiving the file in November to investigate as to whether or not there was an impact or a collision?
A Uhm, we needed a police report, for one thing. And my initial assignment from my supervisor was to verify facts, check on the insurance claim, and advise if we had any kind of uninsured motorist exposure. The investigation would entail taking a look at the vehicle, which Maurice had done already. ⅝ :|s sfc ⅜ ⅜ ⅜
Q So you had to do what now?
A Verify. Determine U.M. exposure, verify there was a collision and that there was not enough coverage or no coverage on the other vehicle. Review all the medicals, past, present, and future, before we paid anything under uninsured motorist.
Throughout his testimony, Mr. Bertrand repeatedly contradicted himself and seemed unfamiliar with the contents of his file. Although he stated that he had requested that Steve Pusateri obtain certain or various information for him, none of those requests were in writing. Attorney Pusateri did in fact issue interrogatories, but the interrogatories were addressed to Allstate, the adverse parties’ insurer, instead of to the plaintiff. State Farm never asked the plaintiff for any documentation, but rather asked Allstate instead. Counsel for plaintiffs argued that Mr. Bertrand “did absolutely nothing to move this case forward.” Mr. Pusateri was eventually replaced by current counsel. Current counsel immediately scheduled depositions, obtained information and forwarded documents to Mr. Bertrand.
State Farm argues that under the statute they have 60 days after “receipt of satisfactory proofs of loss” and they did not receive same until the first day of trial, hence no violation of the statute occurred.
The trial court put the issue to the jury in an interrogatory:
2. Has the plaintiff, Ernest Perez, submitted to the State Farm Mutual Automobile Insurance Co. satisfactory proof of loss of his claim for damages and injuries in accordance with the evidence and my instructions to you?
*1069 Yes X No_
3. Was the uninsured motorist carrier, State Farm Mutual Automobile Insurance Co., arbitrary and capricious in failing to tender a reasonable sum unconditionally to the plaintiff, Ernest Perez?
Yes X No_
In Scott v. Insurance Company of North America, 485 So.2d 50, 52 (La.1986), the Louisiana Supreme Court stated:
Whether or not a refusal to pay benefits is arbitrary, capricious, or without probable cause depends primarily on the facts known to the insurer at the time of its action, (citations omitted) Since this is primarily a factual issue, the trial court’s finding should not be disturbed on appeal absent manifest error, (citations omitted).
In the instant case, Mr. Bertrand stated it is his duty as communicated to him by State Farm to investigate and obtain information about claims. Whether the fault in the instant ease lies with the claims adjustor’s failure to adequately communicate with his attorney or lies with the attorney’s failure to obtain the information, both were the employees of State Farm. State Farm is asking that it not be bound by the erroneous action or omissions of its employee-adjuster and employee-attorney. The jury found to the contrary. We cannot conclude that the jury was manifestly erroneous.
State Farm also raises as a specification of error that the trial court erred in awarding interest on penalties on the judgment. The trial judge had done so in a prior judgment, but the trial court then issued the above quoted judgment which deleted the award of interest on penalties. Accordingly, this specification of error is moot, as is the question of whether interest on penalties runs from the date of judicial demand or the date of judgment, where no interest has been awarded on the penalties.
Lastly State Farm argues penalties are due only on their $100,000.00 policy limits. R.S. 22:658 as cited above provided that arbitrary and capricious failure to pay within 60 days of receipt of satisfactory proof of loss “shall subject the insurer to a penalty ... of ten percent damages on the total amount of the loss, payable to the insured, or to any of said employees ...” (Emphasis supplied).
Act 879 of 1992 amended R.S. 22:658(B)(1) in pertinent part to provide “a penalty ... of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured or to any of said employees ...” (Emphasis supplied).
In Peppard v. Hilton Hotels Corp., 482 So.2d 639 (La.App. 4th Cir.1986) citing Ardoin v. Hartford Accident and Indemnity Co., 360 So.2d 1331 (La.1978), this court stated that an exception to the general rule of non-retroactivity exists in the case of “laws that suppress or lessen penalties”. Act 879 of 1992 lessens the penalty under R.S. 22:658 and should be retroactively applied.
The statute provides that “all reasonable attorneys fees” shall be awarded. We find the amount of $2,500.00 in attorneys fees for the prosecution of this case to be unreasonably low and we increase the attorney fee award to $10,000.00.
Finally, U.S. Fire Insurance Company, the workers’ compensation insurer, has intervened seeking credit for post-judgment benefits which it has paid. We will amend the judgment accordingly.
Accordingly, the judgment of the district court is amended and affirmed as follows:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be Judgment herein in favor of Ernest Perez and against State Farm Mutual Automobile Insurance Company, pursuant to Louisiana Revised Statutes 22:658, a penalty in the amount of 10% on the policy limits of $100,000.00 and attorneys’ fees in the amount of $10,000.00.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that U.S. Fire Insurance Company be credited for all post-judgment benefits paid.”
AMENDED AND AFFIRMED.
SCHOTT, C.J., concurs in part dissents in part.

. Later this statute was repeatedly amended. The version of the statute applicable is as stated above. This version was originally published in a long discarded and obsolete pocket part to Volume 15A of the Revised Statutes and is no longer easily available to the reader.