ROLAND L. BELSOME, Judge.
hThe plaintiff, Mohammad Aghighi, seeks this Court’s review of the trial court’s judgment that awarded him property damages and denied penalties and attorney fees under La. R.S. 22:1892, for bad faith claims handling. For the reasons that follow, we affirm in part, reverse in part and render.
After Hurricane Katrina, Mr. Aghighi renovated a storm damaged, two-story, raised home located on Cameron Boulevard in New Orleans. The renovation included a new pier foundation system under the back part of the house, roof, siding, electrical, plumbing, floors, walls, ceilings, cabinets and fixtures. The renovation was completed in March 2008.
On September 1, 2008, Mr. Aghighi’s newly renovated property sustained damages due to Hurricane Gustav. As a result of the winds related to Hurricane Gustav, the property suffered interior and exterior damage, including a large tree crashing onto the rear of the property. Mr. Aghi-ghi timely reported the damage to his insurer, Louisiana Citizens Property Insurance Corporation (LCPIC). After approximately nine months of LCPIC denying adequate coverage for the property damage, Mr. Aghighi filed suit asserting claims for unpaid damages and for bad 12faith claims handling against LCPIC for its failure to adjust timely and in good faith.
Following a trial on the merits, Mr. Aghighi was awarded $49,388.65 in damages, plus court costs and interest from the date of judicial demand. The trial court did not award penalties or attorney fees for bad faith claims handling. Mr. Aghighi appeals that judgment citing two assignments of error: 1) the trial court erred in only awarding $49,388.65 in damages; and 2) the trial court erred by failing to award penalties and attorney fees under La. R.S. 22:1892.
Both of plaintiffs assignments of error call into question the trial court’s findings of fact. Findings of fact are reviewed by this Court under a manifest error/clearly wrong standard. Detraz v. Lee, 05-1263, p. 6 (La.1/17/07), 950 So.2d 557, 561; Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90. Under the manifest error/clearly wrong standard, a factual finding cannot be set aside unless, after reviewing the record, this Court finds that there is no reasonable factual basis for the finding. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132.

Damages

Mr. Aghighi challenges the trial court’s award of damages, arguing that the evidence supported total property damages in the amount of $98,777.29.[1] In its reasons for judgment, the trial court found that the plaintiff failed to prove that all the flooring needed to be replaced and further found the plaintiffs estimate to be inflated. The trial court heard testimony regarding damages and repair costs from LCPIC’s adjuster, Richard Finkus, and plaintiffs damage adjuster, Scott Claire.
| ¡¡During Mr. Claire’s testimony, he explained in detail the extent of the storm damage and his cost estimate for the repairs. Mr. Claire’s initial estimate to fully repair the property totaled $80,777.29. However, the plaintiffs contractor determined it would take an additional $18,000.00 to complete the foundation repairs. Therefore the total of Mr. Claire’s estimate was amended to reflect $98,777.29 for all necessary repairs. Mr. Finkus’ report suggested that the scope of Mr. *933 Claire’s report exceeded the necessary repairs in certain areas calling for complete replacement of materials rather than replacing only the damaged sections.[2]
The trial court also heard testimony from engineers, Roy Carubba and Timothy Moore, regarding the structural damage to the foundation of the property. The engineers’ opinions on the source of the damage differed. Mr. Carubba knew that the property was newly renovated just prior to the Hurricane Gustav. Mr. Carubba’s observation was that the foundation had shifted due to some lateral or sideways load being applied, which he attributed to the impact of the fallen tree.
Mr. Moore, the engineer hired by LCPIC, testified that his observations of the property indicated the damage to the piers and the cracks in the walls of the interior space were due to differential soil settlement. He opined that the house shifted as the soil settled and caused these damages. Even though he attributed all foundation and wall cracks to differential soil settlement, not the impact of the tree, he could not state when the settling may have occurred. Mr. Moore admitted he was unaware that the property had been recently renovated. He further stated that in his opinion there was an alternate method of repair for the piers that would not cost as much as was estimated in the amended estimate submitted by the plaintiff.
l4At the conclusion of trial and after post trial memorandums were submitted, the trial court found that the plaintiffs proven damages exceeded the previously tendered $13,432.20 by $49,388.65. In light of the testimony and reports, this Court cannot find the trial court’s determination was manifestly erroneous or clearly wrong.

Penalties and Attorney Fees

In this assignment of error, the plaintiff claims that the trial court erred when it failed to award penalties and attorney fees pursuant to La. R.S. 22:1892. More specifically, the plaintiff claims that LCPIC violated the provision of the statute that states: “[a]ll insurers issuing any type of contract ... shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.” La. R.S. 22:1892(A)(1). The insurer becomes subject to penalties when the failure to pay within the thirty day time frame is found to be arbitrary, capricious, or without probable cause. La. R.S. 22:1892(B)(1).
The party claiming entitlement to penalties and attorney fees for bad faith claims handling has the burden of proving: (1) the insurer received satisfactory proof of loss; (2) the insurer failed to pay the claim within the applicable statutory period; and, (3) the insurer’s failure to pay was arbitrary, capricious and without probable cause. See Louisiana Bag Co., Inc. v. Audubon Indem. Co., 08-0453, pp. 11-12 (La.12/2/08), 999 So.2d 1104, 1112-13. “Arbitrary, capricious, or without probable cause’ as used in statutes allowing for penalties and attorney fees when an insurer fails to timely pay a claim is synonymous with vexatious, and a vexatious refusal to pay means unjustified, without reasonable or probable cause or excuse.” Sher v. Lafayette Ins. Co., 07-2441, p. 27 (La.4/8/08), 988 So.2d 186, 206, (quoting Reed v. State Farm Mut. Auto. Ins. Co., 03-0107, p. 13 (La.10/21/03), 857 So.2d 1012, 1020-21).
*934 The timeline for the adjustments of Mr. Aghighi’s claim are not in dispute. Shortly after Mr. Aghighi timely reported his claim, LCPIC sent out adjuster Glenn Culbertson to inspect the property damage. Mr. Culbertson documented damage caused by the wind of Hurricane Gustav including a large tree which had fallen on the back portion of the home. Foundation cracks were identified in the report through photographs, yet no adjustment for the foundation damage was made in the estimate to repair. The plaintiffs son, Alireza Aghighi, testified that he met the adjuster at the property; and Mr. Culbertson suggested that he get an estimate to repair the foundation damage. In his report to LCPIC on October 28, 2008, Mr. Culbertson estimated that damages to the dwelling amounted to $3,070.49 and $1,282.77 for damage to appurtenant structures. Those amounts were tendered to Mr. Aghighi in November 2008.
Thereafter, the plaintiff contacted SAM Construction, the company that had done the full renovation on the property, to provide an estimate for the damages caused by Hurricane Gustav. In turn, SAM elicited the services of expert damage estimator, Scott Claire to evaluate the damage to the dwelling and engineer Roy Carubba to inspect the structural damage. Based on the experts’ reports regarding the damages, SAM estimated the repairs would cost $80,777.29. That estimate was submitted to LCPIC on April 3, 2009.[3]
In response to the plaintiffs repair cost estimate, LCPIC sent a second adjuster, Richard Finkus and an engineer, Timothy Moore to assess the property | (¡damage. Following the report from Mr. Finkus, LCPIC tendered an additional $8,595.43 in dwelling damages, $483.51 for damage to appurtenant structures, and $1,650.00 for loss of use. That unconditional payment was made on or about May 8, 2009. At that time, there was still no offer made for foundation repairs.
Satisfactory proof of loss, as required for an insured to obtain penalties from an insurer, is that which is sufficient to fully apprise the insurer of the claim and extent of the damage. Yount v. Lafayette Ins. Co., 08-0380, p. 17 (La.App. 4 Cir. 1/28/09), 4 So.3d 162, 172 (citing Talton v. USAA Cas. Ins. Co., 06-1513, p. 15 (La.App. 4 Cir. 3/19/08) 981 So.2d 696, 707). According to the deposition testimo ny of LCPIC’s corporate representatives,[4] entered into evidence at trial, Mr. Culbertson’s October 28, 2008 report was satisfactory proof of loss for the property damage. Based on the evidence in the record, the November and May payments made by LCPIC represent the undisputed amount of damages. However, the initial report and estimate for the undisputed damages were woefully inadequate as evidenced by Mr. Finkus’ report, which, according to Mr. Claire’s testimony, included damages that should have been on Mr. Culbertson’s report. Thus, by LCPIC’s own account, the undisputed amount was not paid until more than six months from the date satisfactory proof of loss was received. As a result, LCPIC violated the statutory provision mandating payment within 30 days from the receipt of satisfactory proof of loss.
When an insurer is arbitrary or capricious in failing to unconditionally tender an undisputed amount due within the statutory time delays it is subject to the mandatory imposition of penalties and attorney *935 fees. Dixon v. First Premium Ins. Group, 05-0988, p. 10 (La.App. 1 Cir. 3/29/06), 934 So.2d 134, 142. LCPIC maintains that the re-inspection and subsequent payment was timely made because it was within 30 days of the second adjuster’s report. Under these facts and circumstances, we must disagree.
In Perez, this Court affirmed a jury’s finding that the insurer was arbitrary and capricious in failing to timely pay an uninsured motorist claim, even though the failure resulted from the error or omission of an adjuster. Perez v. Allstate Ins. Co., 625 So.2d 1067 (La.App. 4th Cir.6/30/93). Likewise, in this case, the initial adjuster, hired by LCPIC, failed to properly adjust a substantial amount of damages and repair costs in his report. The damage was not excluded from the report because it was in dispute; it was excluded because the adjuster did not have the requisite knowledge to adjust the claim or simply chose not to do so. In either case, LCPIC is bound by Mr. Culbertson’s erroneous actions or omissions. Id. at 1069.
The insurer’s duty under La. R.S. 22:1892 mandates more than merely sending an adjuster to the insured’s property to take pictures and calculate numbers on less than all the damage. It would defeat the purpose of the statute to allow an inadequate and unreasonably low adjustment, done within the requisite time delays, to satisfy the insurer’s obligation to the insured. Likewise, allowing a “readjustment” done approximately six months later to cure the original bad conduct without any penalty would be condoning the insurer’s actions.
Accordingly, this Court finds that the mishandling of the claim by LCPIC was arbitrary, capricious, and without probable cause. Therefore, we find that the trial court was manifestly erroneous in failing to award penalties and attorney fees. La. R.S. 22:1892(B)(1) mandates that insurers pay penalties equal to 50 percent of |sthe insured’s damage amount or $1,000, whichever is greater, plus costs and reasonable attorney’s fees where the insurer arbitrarily fails to pay funds within 30 days of receiving plaintiffs proof of loss. La. R.S. 22:1892(B)(1); Durio v. Horace Mann Ins. Co., 11-0084, p. 16 (La.10/25/11), 74 So.3d 1159, 1170. The case law is clear, “if part of a claim for property damage is not disputed, the failure of the insurer to pay the undisputed portion of the claim within the statutory delay will subject the insurer to penalties on the entire claim.” Maloney Cinque, L.L.C. v. Pacific Ins. Co., Ltd., 11-0787, p. 14 (La.App. 4 Cir. 1/25/12), 89 So.3d 12, 23. Accordingly, Mr. Aghighi is due penalties in the amount of fifty percent of the total amount of his claim ($62,-820.85) or $31,410.43 with interest from date of judicial demand.
Additionally, Mr. Aghighi is also entitled to reasonable attorney fees based on the efforts required to litigate the insured’s claim. See Jones v. Johnson, 45,847 (La.App. 2 Cir. 12/15/10), 56 So.3d 1016. In the instant case, the attorney filed the petition, issued discovery, compelled discovery, participated in depositions, filed pre-trial and post-trial memoranda, presented the case at trial, filed a motion for new trial, lodged and briefed the instant appeal, and argued before this Court. Taking into account the work associated with this case and the favorable outcome achieved, this Court finds that $15,000.00 is justified for reasonable attorney fees.
| ^Conclusion
For the foregoing reasons this Court affirms the trial court’s award of damages. We further, reverse the denial of statutory penalties under La. R.S. 1892 and render judgment in favor of Mr. Aghighi and against LCIPC for penalties in the amount of $31,410.43 with interest from judicial demand, and for attorney fees in amount of $15,000.00.
*936 AFFIRMED IN PART; REVERSED IN PART; AND RENDERED
LEDET, J., concurs in part and dissents in part with reasons.
JENKINS, J., concurs in part and dissents in part with reasons.

. Prior to trial LCPIC had tendered $13,432.20 for property damages.

. Mr. Finkus disagreed with fully replacing the flooring, subflooring, and exterior vinyl siding.

. On September 8, 2010, SAM amended its estimate to include an additional $18,000 in costs to complete the pier/foundation repair.

. Stephanie Gissendanner Jackson and Midge Taylor Shagnard were deposed as corporate representatives for LCPIC.