**STEPHANIE LEWIS**

**VERSUS**

**STATE NATIONAL INSURANCE COMPANY, INC., D/B/A QEO INSURANCE GROUP, DAVID DEGRUY, RICHARD'S DISPOSAL, INC. AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (IN ITS CAPACITY AS UN-INSURED/UNDER-INSURED MOTORIST CARRIER)**

\*

\*

\*

\*

\*

\* \* \* \* \* \* \*

**NO. 2025-CA-0041**

**COURT OF APPEAL**

**FOURTH CIRCUIT**

**STATE OF LOUISIANA**

CONSOLIDATED WITH:

STEPHANIE LEWIS

VERSUS

STATE NATIONAL INSURANCE GROUP, INC. D/B/A QEO INSURANCE GROUP, DAVID DEGRUY, RICHARD'S DISPOSAL, INC., AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (IN ITS CAPACITY AS UN-INSURED/UNDER/INSURED MOTORIST CARRIER)

CONSOLIDATED WITH:

NO. 2025-CA-0311

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-11114, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Monique G. Morial)

Frederic C. Fondren
Joshua L. Davis
FONDREN BLAIZE
1499 St. Charles Street
Houma, LA 70360


            COUNSEL FOR APPELLANT

John W. Waters, Jr.

David E. Walle, Esq
BIENVENU FOSTER RYAN & O'BANNON, LLC
1100 Poydras Street
Suite 2870
New Orleans, LA 70163

Ronald L. Wilson
Attorney at Law
701 Poydras Street
Suite 4100
New Orleans, LA 70139

COUNSEL FOR APPELLEES

**EXCEPTIONS OF NO RIGHT AND NO CAUSE OF ACTION DENIED; OCTOBER 16, 2024 AND OCTOBER 24, 2024 JUDGMENTS AFFIRMED; ANSWER TO APPEAL DENIED**

**NOVEMBER 12, 2025**

*TGC*
*DNA*
*MGM*

In this consolidated appeal, State National Insurance Company, Inc. (hereinafter "State National") seeks review of two trial court judgments: the October 16, 2024 judgment granting the motion for directed verdict filed by Richard's Disposal, Inc. and David DeGruy (hereinafter collectively "Richard's Disposal") and the October 24, 2024 judgment awarding Richard's Disposal $206,312.14 in special damages. In response to the appeal of the special damages award, Richard's Disposal filed an "Answer to Appeal" seeking penalties and bad faith damages. Richard's Disposal also filed exceptions of no right and no cause of action.

After consideration of the record before this Court and the applicable law, the October 16, 2024 judgment granting the motion for directed verdict and the October 24, 2024 judgment awarding Richard's Disposal $206,312.14 in special damages are affirmed; Richard's Disposal's Answer to Appeal is denied; and the exceptions of no right and no cause of action are denied.

1

## Facts and Procedural History

This case involves an automobile accident that occurred on October 1, 2017 between Stephanie Lewis and David DeGruy (hereinafter individually "Mr. DeGruy"), an employee of Richard's Disposal. The underlying facts of the accident and the procedural history of this case have been previously articulated, in considerable detail, by this Court. *Lewis v. State Nat'l Ins. Co., Inc.*, 2022-0693, pp. 1-12 (La.App. 4 Cir. 5/19/23), 368 So.3d 653, 656-62; *see also Lewis v. State Nat'l Ins. Co., Inc.*, 2022-0409 (La.App. 4 Cir. 12/28/22), 367 So.3d 720, *as supplemented on reh'g* (Jan. 26, 2023). The parties relevant to this consolidated appeal are Richard's Disposal, Mr. DeGruy and State National.

Richard's Disposal obtained a commercial automobile insurance policy with State National, which included an effective date of March 29, 2017 through March 29, 2018. The insurance policy contained a named driver exclusion which provided that Mr. DeGruy was an excluded driver.[1] It is undisputed that Mr. DeGruy was in the course and scope of his employment and operating a pick-up truck owned by Richard's Disposal when the accident occurred. As a result of the October 1, 2017 accident, Stephanie Lewis filed a petition for damages naming Richard's Disposal, Mr. DeGruy and State National as defendants. State National ultimately settled Stephanie Lewis' case and it was dismissed with prejudice.

Richard's Disposal and State National remained, with each asserting various claims against the other. Multiple challenges to State National's duty to defend Richard's Disposal were litigated. Prior to trial and settlement of Stephanie Lewis' claims, we determined that State National had a duty to defend Richard's Disposal.

---

[1] The named driver exclusion was executed by Simone Richard, the Chief Administrative Officer of Richard's Disposal.

2

*Lewis*, 2022-0693, p. 27, 368 So.3d at 669. On April 12, 2021, Richard's Disposal filed a cross-claim/third-party demand against State National seeking reimbursement of attorney's fees, costs and penalties. In response, State National answered Richard's Disposal's third-party demand and filed its own cross-claim/third-party demand against Richard's Disposal asserting that it negligently violated the terms of the insurance policy by allowing Mr. DeGruy to drive a company vehicle. State National also alleged that Richard's Disposal failed to procure separate insurance coverage for Mr. DeGruy, who was an excluded driver under the State National insurance policy, pursuant to La. R.S. 32:900(B)(2)(d).

Prior to trial on the third-party demands, Richard's Disposal filed peremptory exceptions of no right and no cause of action, or in the alternative a motion for directed verdict.[2] Richard's Disposal argued that State National did not have a right or cause of action because it could not sue its own insured and was not entitled to reimbursement or restitution of funds expended in litigating and settling Stephanie Lewis' claims. In opposition, State National contended that its third-party demand validly asserts a claim for breach of contract and detrimental reliance, and it therefore has a right of action as its petition states a cause of action against Richard's Disposal. The trial court deferred ruling on the exceptions until the commencement of trial. On October 14, 2024, the case proceeded to a jury trial on the merits of Richard's Disposal's and State National's third-party demands. Richard's Disposal was the only party to call witnesses and State National rested its case, without calling any witnesses nor presenting any evidence. Immediately after State National rested, Richard's Disposal moved for a directed verdict

---

[2] In granting the motion for directed verdict, the trial court deemed the exceptions of no right and no cause of action moot.

arguing that State National failed to provide sufficient evidence that it detrimentally relied on a promise by Richard's Disposal and failed to submit evidentiary support for the claims asserted in its third-party demand. State National maintained that the execution of the named driver exclusion represented a promise by Richard's Disposal that Mr. DeGruy would not drive a company vehicle. Therefore, according to State National, it produced sufficient evidence to overcome a directed verdict and its claims should be presented to the jury. The trial court granted Richard's Disposal's motion for directed verdict, finding State National failed to demonstrate detrimental reliance by not producing sufficient evidence.[3]

After deliberating, the jury reached a verdict in favor of Richard's Disposal in the amount of $206,312.14. However, the jury determined that State National's failure to timely pay the cost of defense was not arbitrary and capricious and refused to award additional damages. This appeal, by State National, of the granting of the motion for directed verdict and the jury award followed.

## Exceptions of No Right and No Cause of Action

On appeal, Richard's Disposal seeks dismissal of State National's appeal of the judgment granting Richard's Disposal's motion for a directed verdict by re-urging its peremptory exceptions of no right and no cause of action. *See* La. C.C.P. art. 2163 (peremptory exceptions filed for the first time in an appellate court may be considered if proof of the ground of the exception appears in the record). Both the exception of no right of action and the exception of no cause of action involve

---

[3] The trial court granted the motion for directed verdict regarding State National's claims for detrimental reliance, breach of contract, payment of the debts of another, fraud, negligence and payment of a thing not owed. State National only appeals the portion of the trial court's judgment granting the motion for directed verdict on the claim for detrimental reliance.

4

questions of law, and are therefore reviewed *de novo*. *Hornot v. Cardenas*, 2006-1341, p. 12 (La.App. 4 Cir. 10/3/07), 968 So.2d 789, 798 (citation omitted). "[O]ne of the primary differences between the exception of no right of action and no cause of action lies in the fact that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant." *Badeaux v. Sw. Computer Bureau, Inc.*, 2005-0612, p. 6 (La. 3/17/06), 929 So.2d 1211, 1216-17 (citation omitted).

Richard's Disposal premises its argument on the theory that an insurer cannot sue its insured. Specifically, State National has no right and no cause of action against it because State National is not entitled to seek reimbursement, or restitution, of the settlement funds issued to Stephanie Lewis. Richard's Disposal is essentially asserting an anti-subrogation argument. Subrogation is defined as "the substitution of one person to the rights of another." La. C.C. art. 1825. "The principle of subrogation allows an insurer to stand in the shoes of the insured." *Hosp. Mgmt. Servs., LLC v. Axis Surplus Ins. Co.*, 2024-0137, p. 5 (La.App. 4 Cir. 9/16/24), 400 So.3d 236, 240, *writ denied*, 2024-01274 (La. 1/14/25), 398 So.3d 651 (citation omitted). The anti-subrogation rule "holds that no right of subrogation can arise in favor of an insurer against its own insured." *Starr Surplus Lines Ins. Co. v. Bernhard MCC, L.L.C.*, 20-78, p. 12 (La.App. 5 Cir. 12/2/20), 308 So.3d 372, 381 (citation omitted).

"The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, 2008-0237, p. 17 (La. 12/2/08), 5 So.3d 819, 829 (citations omitted). In determining an exception of no

5

right of action, we begin "with an examination of the pleadings." *Gisclair v. Louisiana Tax Comm'n*, 2010-0563, p. 2 (La. 9/24/10), 44 So.3d 272, 274 (citations omitted). An examination of State National's third-party demand reveals that State National is challenging Richard's Disposal's failure to procure separate insurance coverage for Mr. DeGruy in violation of La. R.S. 32:900(B)(2)(d). State National does not assert a subrogation claim and is not attempting to "stand in the shoes" of Richard's Disposal. As evident by the third-party demand, the substantive right at issue is the right to challenge the applicability of coverage based on the insured's failure to procure separate insurance for an excluded driver. Thus, the anti-subrogation rule does not apply and we find State National has a right to assert its claims.

For the reasons articulated above, Richard's Disposal contends that State National's third-party demand fails to state a valid cause of action. State National's third-party demand asserts that it negligently relied on Richard's Disposal's assurance that it would procure a separate insurance policy for the excluded driver, Mr. DeGruy. On an exception of no cause of action, this Court's review "is limited to reviewing the four corners of the petition to determine whether on its face the petition states a cause of action." *Petkovich v. Franklin Homes, Inc.*, 2021-0448, p. 28 (La.App. 4 Cir. 9/22/22), 349 So.3d 1042, 1062 (citation omitted). State National's third-party demand asserts the following allegations:

34.
State National Insurance Company reasonably relied on Richard's Disposal, Inc. to comply with the law and procure additional coverage for David DeGruy, to its detriment;

35.

As a result of Richard's Disposal, Inc.'s failure to procure another policy of insurance providing coverage for Mr. DeGruy, State

6

National Insurance Company has been forced to defend and protect itself throughout this current litigation;

36.

State National Insurance Company suffered damages due to the negligence and fault of Richard's Disposal, Inc. to wit:

> Fraudulently procuring insurance specifically excluding a driver, David DeGruy, who was then allegedly allowed to drive a company vehicle;
>
> Failing to procure another policy of insurance for David DeGruy equal to the coverage provided in the State National Insurance Company policy under La. R.S. 32:900(B)(2)(d);
>
> Allegedly allowing David DeGruy, a Named Excluded Driver, to drive a company vehicle; and
>
> All other acts of negligence to be proven at trial.

"It is a settled matter of law that Louisiana is a fact-pleading state." *Bergeron v. Bergeron*, 2023-0161, p. 3 (La.App. 4 Cir. 11/16/23), 377 So.3d 817, 819. A review of the four corners of State National's third-party demand, against Richard's Disposal, demonstrates the petition sufficiently states a cause of action, i.e., that it "reasonably relied on Richard's Disposal Inc. to comply with the law and procure additional coverage for David DeGruy." Based on the foregoing, the exceptions of no right and no cause of action are denied.

**Motion for Directed Verdict**

State National asserts one assignment of error challenging the trial court's ruling on Richard's Disposal's motion for directed verdict. State National contends the trial court erred in dismissing its claim for detrimental reliance because the execution of the named driver exclusion is sufficient evidence that Richard's Disposal promised State National that Mr. DeGruy would not drive a company vehicle; and State National relied on this promise to its detriment. A motion for

7

directed verdict challenges the legal sufficiency of the evidence and is therefore, subject to a *de novo* standard of review which applies to all legal issues. *Pierre v. Myriad Genetics, Inc.*, 2024-0236, p. 9 (La.App. 4 Cir. 9/16/24), 400 So.3d 223, 230, *writ denied*, 2024-01277 (La. 1/14/25), 398 So.3d 1168 (citation omitted).

Pursuant to La. C.C.P. art. 1810,

> A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

"A motion for directed verdict may be granted when, after considering all of the evidence and making all reasonable inferences therefrom in the light most favorable to the mover's opponent, it is clear that the facts and inferences are so in favor of the movant that a reasonable person could not arrive at a contrary verdict." *Pierre*, 2024-0236, p. 9, 400 So.3d at 230 (citation omitted).

At the close of State National's case-in-chief, Richard's Disposal moved for a directed verdict arguing that State National failed to establish that it detrimentally relied on a promise from Richard's Disposal that Mr. DeGruy would not drive a company vehicle. While asserting a different basis for its detrimental reliance claim in its third-party demand, at trial State National maintained that execution of the named driver exclusion was the "promise" by Richard's Disposal that Mr. DeGruy would not drive a company vehicle. The trial court granted the motion for directed verdict, finding that a claim for detrimental reliance requires a promise by one party on which the other party relies. It determined that State National did not

produce sufficient evidence regarding its detrimental reliance claim, and therefore failed to meet its burden of proof.

The doctrine of detrimental reliance is codified in La. C.C. art. 1967, which provides,

> Cause is the reason why a party obligates himself.
>
> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

Detrimental reliance is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." *Claverie v. Tucker*, 2023-0331, p. 5 (La.App. 4 Cir. 11/27/23), 378 So.3d 131, 135 (citations omitted). A claim for detrimental reliance requires a party to prove three elements by a preponderance of the evidence: "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of reliance." *Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459, 2004-1460, 2004-1466, p. 31 (La. 4/12/05), 907 So.2d 37, 59 (citations omitted). "[T]he focus of analysis of a detrimental reliance claim is not whether the parties intended to perform, but, instead, whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment." *Id.*, 2004-1459, pp. 31-32, 907 So.2d at 59 (citation omitted). Thus, this Court must first determine whether Richard's Disposal made a representation, or "promise," by conduct or word.

9

The trial court determined that there was no representation, or "promise," by Richard's Disposal that Mr. DeGruy would not drive a company vehicle. We disagree. The named driver exclusion regarding Mr. DeGruy provides:

INSURED- Richard's Disposal Inc.

POLICY NUMBER: QDX-LA000079-00

POLICY EFFECTIVE DATE: 03/29/2017

**ENDORSEMENT EXCLUDING SPECIFIED OPERATORS**

IN CONSIDERATION OF THE PREMIUM CHARGED FOR THE POLICY TO WHICH THIS ENDORSEMENT APPLIES, IT IS AGREED THAT THE INSURANCE AFFORDED BY THIS POLICY SHALL NOT APPLY WITH RESPECT TO ANY CLAIM ARISING FROM ACCIDENTS WHICH OCCUR WHILE ANY AUTOMOBILE DESCRIBED IN THIS POLICY OR ANY OTHER AUTOMOBILE TO WHICH THE TERMS OF THIS POLICY ARE EXTENDED IS BEING DRIVEN OR OPERATED, EITHER WITH OR WITHOUT PERMISSION OF THE NAMED INSURED, BY:

1. NAME: David De[G]ruy                    AGE: 49

THE NAMED INSURED FURTHER AGREES THAT THE COMPANY SHALL NOT BE LIABLE AND NO LIABILITY OR OBLIGATION OF ANY KIND SHALL ATTACH TO THE COMPANY FOR ANY NEGLIGENCE WHICH MAY BE IMPUTED BY LAW TO THE NAMED INSURED ARISING OUT OF THE MAINTENANCE, OPERATION OR USE OF A MOTOR VEHICLE BY THE PERSON NAMED ABOVE. NOTHING CONTAINED IN THIS ENDORSEMENT SHALL VARY, WAIVE, ALTER OR EXTEND ANY OTHER TERM OR CONDITION OF THE POLICY. THIS ENDORSEMENT SHALL SUPERSEDE ANY POLICY PROVISIONS TO THE CONTRARY AND SHALL TAKE EFFECT SIMULTANEOUSLY WITH SUCH POLICY.

THE NAMED INSURED ACCEPTS THIS ENDORSEMENT AND CONFIRMS THE ACCEPTANCE AS WITNESS HIS SIGNATURE

The named driver exclusion was signed on July 11, 2017 by Simone Richard, the Chief Administrative Officer for Richard's Disposal, and an agent for State National. The execution of the named driver exclusion regarding Mr. DeGruy indicates that he is not covered under the insurance policy and therefore serves as a

promise by Richard's Disposal that Mr. DeGruy would not drive a company vehicle. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. Thus, we find, based on the language of the named driver exclusion, that Richard's Disposal made a promise by word or conduct and the first element of detrimental reliance is satisfied. We next consider whether State National established that it justifiably relied on Richard's Disposal's promise that Mr. DeGruy would not drive a company vehicle.

As the plaintiff in its case-in-chief, State National was required to produce *prima facie* evidence that it justifiably relied on a promise by Richard's Disposal that Mr. DeGruy would not drive a company vehicle. "*Prima facie* evidence is defined as evidence sufficient to establish a given fact which, if not rebutted or contradicted, will remain sufficient." *Harris v. Reg'l Transit Auth.*, 1995-0282, p. 4 (La.App. 4 Cir. 9/28/95), 662 So.2d 134, 137 (citations omitted) (alteration in the original). State National introduced the affidavit of Simone Richard and the settlement agreement with Stephanie Lewis during Richard's Disposal's case-in-chief.[4] After Richard's Disposal rested, State National elected not to call any witnesses nor introduce any additional evidence. The following colloquy took place after Richard's Disposal rested:

---

[4] The following documents are listed on State National's trial exhibit list: (1) correspondence from State National's underwriter attaching the petition for damages filed in the main demand; (2) affidavits of Alvin Richard, Jr. and Simone Richard; (3) the named driver exclusion regarding David DeGruy; and (4) the settlement agreement with Stephanie Lewis. However, State National only offered, filed and introduced the affidavit of Simone Richard and the settlement agreement with Stephanie Lewis at trial. *See Kimball v. Kamenitz*, 2021-0101, p. 22 (La.App. 4 Cir. 10/26/21), 331 So.3d 474, 489 (quoting *Felix v. Safeway Ins. Co.*, 2015-0701, p. 7 (La.App. 4 Cir. 12/16/15), 183 So.3d 627, 632) ("Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record… ."). We note that State National introduced these documents in Richard's Disposal's case-in-chief.

**Counsel for Richard's Disposal:**
Your Honor, at this time Richard's Disposal and David De[G]ruy rest their case.

**Trial Court:**
All right. The time now is 1:56 PM. Anything further—you're ready to proceed counsel for [State National]?

**Counsel for State National:**
Yes, sir. May I have one moment?

**The Court:**
Sure.

**Counsel for State National:**
State National will rest as well.

The trial court dismissed the jurors and proceeded to consider the motions. At this point, Richard's Disposal moved for a directed verdict.

We agree with the trial court and find the documents submitted by State National do not establish that it justifiably relied on Richard's Disposal's promise. The record is devoid of any evidence sufficient to establish justifiable reliance. Absent any testimony or evidence to corroborate its allegation that it relied on Richard's Disposal's promise that Mr. DeGruy would not drive a company vehicle, we find State National failed to make a *prima facie* claim for detrimental reliance. As State National fails to satisfy the second element of a claim for detrimental reliance, we pretermit discussion of the third and final element. Accordingly, we find the trial court did not err in granting Richard's Disposal's motion for directed verdict on State National's detrimental reliance claim.

### Special Damages Award

State National challenges the jury's special damages award of $206,312.14, the amount of Richard's Disposal's attorney's fees. State National lists the following three assignments of error: (1) the trial court's award of $206,312.14 in

attorney's fees is not supported by the evidence and testimony submitted at trial; (2) the trial court erred by finding that State National received a valid proof of loss; and (3) the trial court erred in not requiring Richard's Disposal to mitigate its damages. We find the dispositive issue to be whether the jury's special damages award is supported by the evidence.

A special damages award is subject to a manifest error standard of review. *McCloskey v. Higman Barge Lines, Inc.*, 2018-1008, p. 4 (La.App. 4 Cir. 4/10/19), 269 So.3d 1173, 1178. "Special damages are those which...may be determined with relative certainty… ." *Kaiser v. Hardin*, 2006-2092, p. 11 (La. 4/11/07), 953 So.2d 802, 810 (citation omitted). "In reviewing a jury's factual conclusions with regard to special damages, an appellate court must satisfy a two-step process based on the record as a whole: There must be no reasonable factual basis for the trial court's conclusions, and the finding must be clearly wrong." *Id.*, 2006-2092, pp. 11-12, 953 So.2d at 810 (citation omitted).

State National argues that Richard's Disposal is not entitled to the damages award because Richard's Disposal failed to provide satisfactory proof of loss or mitigate its damages. According to State National, the billing documents submitted by Richard's Disposal contained duplicative and unrelated entries. Thus, State National's contention is that it is impossible to distinguish between the attorney's fees associated with Richard's Disposal's defense of the main demand, asserted by Stephanie Lewis, and the fees regarding Richard's Disposal's third-party demand against State National. Richard's Disposal maintains that because it has already been determined that State National had a duty to defend Richard's Disposal in the main demand, there is no need to decipher between the work performed and Richard's Disposal is entitled to costs and fees associated with this matter.

13

In its third-party demand, Richard's Disposal sought reimbursement of attorney's fees, costs and penalties. To support its claim for reimbursement, on July 13, 2023, Richard's Disposal sent a proof of loss letter to State National. Richard's Disposal attached the itemized billing statements of Ronald L. Wilson, attorney at law, and Bienvenu, Foster, Ryan and O'Bannon, LLC representing work completed in the case. The itemized billing statements are dated from October 2017 through June 2023. According to Richard's Disposal, and as supported by the itemized billing statements, the total amount expended in attorney's fees and costs was $206,312.14. The proof of loss letter and the itemized billing statements were entered into evidence at trial. Additionally, at trial Richard's Disposal corroborated its entitlement to the $206,312.14 with testimony on the issue of defending itself in the main demand while simultaneously litigating the issue of whether State National owed a duty to defend. The jury ultimately awarded Richard's Disposal $206,312.14 in damages. Based on the record before this Court, we find a reasonable factual basis exists for the jury's award. The jury found the testimony and evidence submitted by Richard's Disposal credible and relied on it in awarding special damages. Applying a manifest error standard of review, we find the jury did not err and the amount awarded will not be disturbed on review.

### Answer to Appeal

Through its answer to State National's appeal of the special damages award, Richard's Disposal seeks review of the jury's failure to award penalties and bad faith damages. Richard's Disposal maintains the jury erred in failing to find State National was arbitrary, capricious or without probable cause under La. R.S. 22:1892 for failing to timely remit payment after receiving satisfactory proof of

14

loss.[5] "The party claiming entitlement to penalties and attorney fees for bad faith claims handling has the burden of proving: (1) the insurer received satisfactory proof of loss; (2) the insurer failed to pay the claim within the applicable statutory period; and, (3) the insurer's failure to pay was arbitrary, capricious and without probable cause." *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096, p. 4 (La.App. 4 Cir. 6/19/13), 119 So.3d 930, 933 (citation omitted). However, "whether an insurer's action was arbitrary, capricious or without probable cause is essentially a fact issue to be determined by the trial court and not to be disturbed on appeal absent manifest error." *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 2008-0453, p. 25 (La. 12/2/08), 999 So.2d 1104, 1120 (citation omitted).

We find no error in the jury's failure to award penalties and bad faith damages. While the jury found that Richard's Disposal submitted satisfactory proof of loss to State National, the jury determined that State National's failure to timely remit payment was not arbitrary, capricious or without probable cause. La. R.S. 22:1892(B)(1)(a) provides, in pertinent part, that "failure to make a payment within thirty days after receipt of satisfactory written proofs and demand…when the failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty… ." Therefore, the application of La. R.S. 22:1892 is contingent upon a finding that the insurer was arbitrary, capricious or without probable cause. Jury interrogatory number nine provides as follows: "Was State National Insurance Company's failure to [pay Richard's Disposal's legal expenses within thirty days] arbitrary, capricious, or without probable cause?" The jury

---

[5] La. R.S. 22:1892 is entitled "Payment and adjustment of claims; policies other than life and health and accident; good faith duty; breach of good faith duty; vehicle damage claims; extension of time to respond to claims during emergency or disaster; penalties; arson-related claims suspension; definitions."

answered "no." The record reflects sufficient evidence for the jury to determine that State National's actions were not arbitrary, capricious or without probable cause. A finding that Richard's Disposal presented satisfactory proof of loss is not the sole determinative factor as to whether State National was arbitrary, capricious or without probable cause. Accordingly, we find the jury did not err and find no inconsistency between the jury's damages award and its refusal to award penalties and bad faith damages.

Finally, Richard's Disposal seeks attorney's fees for defending this appeal. It is well settled that,

> [A]ttorney fees [are] usually awarded where a party who was awarded attorney fees by the trial court is forced to and successfully defends an appeal. The award of additional attorney fees is to keep the appellate judgment consistent with the underlying judgment. To determine the amount of attorney fees, factors that are considered include "the skill exercised by the attorney and the time and work required on appeal."

*Maldonado v. Cannizzaro*, 2018-0177, p. 14 (La.App. 4 Cir. 10/10/18), 257 So.3d 733, 743 (quoting *State, Dep't of Transp. & Dev. v. Monteleone*, 2011-1013, p. 34 (La.App. 5 Cir. 11/13/12), 106 So.3d 153, 174); *see also Gloria's Ranch, L.L.C. v. Tauren Expl., Inc.*, 2017-1518, 2017-1519, 2017-1522, p. 23 (La. 6/27/18), 252 So.3d 431, 446. Richard's Disposal was not awarded attorney's fees at the trial court; thus, we may not consider whether it is entitled to attorney's fees for its successful defense in this Court. Accordingly, we decline to award attorney's fees for this appeal.

## Decree

For the foregoing reasons, the October 16, 2024 judgment granting the motion for directed verdict and the October 24, 2024 judgment awarding Richard's Disposal $206,312.14 in special damages are affirmed; Richard's Disposal's

Answer to Appeal is denied; and the exceptions of no right and no cause of action

are denied.

**EXCEPTIONS OF NO RIGHT AND NO CAUSE OF ACTION DENIED; OCTOBER 16, 2024 AND OCTOBER 24, 2024 JUDGMENTS AFFIRMED; ANSWER TO APPEAL DENIED**